UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN KELLER** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-1018** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL** | **SECTION I** |

<u>ORDER & REASONS</u>

Before the Court is a motion[1] by plaintiff Brian Keller ("Keller") for reconsideration of this Court's order[2] granting defendants' ("BP") motion *in limine* to exclude plaintiff's expert witness and granting defendants' motion for summary judgment. Plaintiff asserts that the sanctions recently ordered against BP by a U.S. Magistrate Judge in this District[3] warrant reconsideration pursuant to Federal Rule of Civil Procedure 59(e). BP opposes the motion.[4] For the following reasons, the Court denies the motion.

## I.   BACKGROUND

This is a "B3" case arising out of the 2010 Deepwater Horizon oil spill in the Gulf of Mexico.[5] B3 cases involve "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)." *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on Apr.*

---

[1] R. Doc. No. 57.
[2] R. Doc. No. 55.
[3] *Torres-Lugo v. BP Expl. & Prod., Inc.*, No. 20-210, R. Doc. 136 (E.D. La. June 3, 2022).
[4] R. Doc. No. 61.
[5] R. Doc. No. 9 ("Severing 780 Cases in the B3 Pleading Bundle and Re-allotting Them Among the EDLA District Judges") (Barbier, J.).

*20, 2010*, No. MDL 2179, 2021 WL 6053613, at *9 (E.D. La. Apr. 1, 2021) (Barbier, J.). In the course of the MDL proceedings, Judge Barbier approved the Deepwater Horizon Medical Benefits Class Action Settlement Agreement, which included a Back-End Litigation Option ("BELO") permitting certain class members to sue the defendants for later-manifested physical conditions. *Id.* at *2. The B3 plaintiffs, by contrast, either opted out of the class action settlement agreement or were excluded from its class definition. *Id.* at *10 n.3. To prevail on their claims, the "B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response." *Id.* at *11.

Keller was employed in the response to the Deepwater Horizon ("DWH") oil spill.[6] He alleges that exposure to crude oil and chemical dispersants caused him to develop a multitude of adverse medical conditions, including "coughing, sore throat, skin rashes and discoloration, white lines in fingernails and low blood levels."[7]

Like other B3 plaintiffs, Keller sought to support his claims that exposure to oil and dispersants caused health problems by introducing medical causation analysis by Dr. Jerald Cook ("Cook"). BP responded with a motion *in limine* arguing that Cook's testimony is scientifically unreliable and therefore inadmissible pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[8] This Court

---

[6] R. Doc. No. 1, at 8.
[7] *Id.*
[8] R. Doc. No. 43.

granted that motion and simultaneously granted BP's motion for summary judgment.[9]

Plaintiff now argues that the Court's orders on BP's motion *in limine* and motion for summary judgment should be reconsidered in light of the *Torres-Lugo* sanctions and the ongoing dispute over BP's decision not to collect dermal and biometric data from cleanup workers.[10] In a single sentence, he characterizes "BP's failure to collect the data" as possible "anticipatory spoliation."[11]

## II. STANDARD OF LAW

A Rule 59(e) motion to alter or amend a judgment "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Amending a judgment pursuant to Rule 59(e) is appropriate only when one of the following criteria is satisfied: "(1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; [or] (4) the motion is justified by an intervening change in the controlling law." *Theriot v. Brit Sys., Inc.*, No. 11-1995, 2013 WL 12238852, at *1 (E.D.

---

[9] R. Doc. No. 55.
[10] R. Doc. No. 57-1, at 1–3.
[11] *Id.* at 2.

La. Apr. 23, 2013) (Africk, J.) (quoting *Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)).

## III. ANALYSIS

Plaintiff does not explain which of the Rule 59(e) criteria he believes is satisfied here. Instead, he merely rehashes arguments previously made and rejected by this Court. He argues that "summary judgment is not appropriate where it has now been ruled [in the *Torres-Lugo* case] that BP failed to produce a qualified corporate witness to respond to questions that go to the heart of the general causation issue."[12]

As this Court has previously stated, the *Torres-Lugo* sanctions are irrelevant to defendants' motions *in limine* and for summary judgment. Sanctions and more discovery on BP's internal decision-making regarding data collection have no effect on the data *actually available* to Cook to prove general causation and, as another section of this Court has noted, are therefore not outcome determinative of the legal issue of general causation. *Peairs v. BP Expl. & Prod.*, No. 17-3596, R. Doc. No. 65, at 2 (E.D. La. July 19, 2022) (Vance, J.); *Coleman v. BP Expl. & Prod.*, No. 17-4158, R. Doc. No. 71, at 2 (E.D. La. June 27, 2022) (Vance, J.). As for Keller's anticipatory spoliation allegation, "even assuming that BP had an affirmative duty to collect biomonitoring and dermal data from cleanup workers, this lack of information is not what renders Dr. Cook's expert report" inadmissible. *Barkley v. BP Expl. & Prod., Inc.*, No. 13-995, R. Doc. No. 58, at 4 (E.D. La. Aug. 5, 2022) (Barbier, J.).

---

[12] *Id.* at 3.

4

Considering the above, the Court finds that no circumstance is present which justifies alteration or amendment pursuant to Rule 59(e). Reconsideration of the order granting BP's motion *in limine* and motion for summary judgment is not "necessary to correct manifest errors of law or fact upon which the judgment is based." *Theriot*, 2013 WL 12238852, at *1. Keller has presented no new evidence. *Id.* Reconsideration would not prevent any "manifest injustice," because, as explained above, the circumstances relied upon by Keller are irrelevant to the orders he urges the Court to reconsider. *Id.* Finally, Keller has pointed to no "intervening change in controlling law." *Id.* Accordingly,

**IT IS ORDERED** that the plaintiff's motion[13] is **DENIED**.

New Orleans, Louisiana, August 25, 2022.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. No. 57.